HYMAN ROSEN, Appellant, *v.* EQUITABLE PAPER BAG CO., INC., Respondent.

Argued June 11, 1941; decided July 29, 1941.

*Frederick Evan Crane* and *Samuel Weiss* for appellant. The appeal being from a judgment of nonsuit, appellant is entitled to the benefit of every fact the jury could have found from the evidence and to every legitimate inference in his favor warranted by the evidence. (*Rehberg* v. *Mayor*, 91 N. Y. 137; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Koehler* v. *N. Y. Steam Co.*, 183 N. Y. 1; *Faber* v. *City of New York*, 213 N. Y. 411; *Melcher* v. *Ocean Accident & Guarantee Corp.*, 226 N. Y. 51; *Hoykendorf* v. *Bradley Contracting Co.*, 227 N. Y. 204; *Ehrenworth* v. *Stuhmer & Co., Inc.*, 229 N. Y. 210; *Brady* v. *Nally*, 151 N. Y. 258; *Crowley* v. *Lewis*, 239 N. Y. 264; *Cobb* v. *Knapp*, 71 N. Y. 348; *Higgs* v. *de Maziroff*, 263 N. Y. 473.) The Appellate Division erred in affirming the judgment dismissing the complaint on the ground that there was no proof of damage to sustain a verdict against the defendant. (*Higgs* v. *de Maziroff*, 263 N. Y. 473; *Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359; *Pierson & Co.* v. *Nederlandsch-Indische Maatschappij, Ltd.*, 203 App. Div. 365; *Howard* v. *Daly*, 61 N. Y. 362; *Chase Nat. Bank* v. *Rosenbaum*, 254 N. Y. Supp. 593; *May Dept. Stores* v. *Chasin*, 190 N. Y. Supp. 594; *Paltey* v. *Egan*, 200 N. Y. 83; *Hoose* v. *Drumm*, 281 N. Y. 54.) The jury having been without a specific exception charged that any verdict for the plaintiff was to be for the sum of $12,972, the verdict for the plaintiff was properly amended to include that sum. (*Fox Co.* v. *Wohl*, 255 N. Y. 268; *Hodgkins* v. *Mead*, 119 N. Y. 166; *Higgs* v. *de Maziroff*, 263 N. Y. 473; *Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359; *Dalrymple* v. *Williams*, 63 N. Y. 361; *Hooper* v. *Beecher*, 109 N. Y. 609.)

*Charles H. Kelby, William F. Beeler* and *Nathan D. Shapiro* for respondent. The contract is unambiguous and its construction was a matter for the trial court and not for the jury. The trial court properly construed the contract to be conditional and dismissed the complaint on the merits. (*Brady* v. *Cassidy*, 104 N. Y. 147; *Sattler* v.

*Hallock*, 160 N. Y. 291; *First Nat. Bank* v. *National Surety Co.*, 228 N. Y. 469; *Maginn* v. *Lancaster*, 100 Mo. App. 116; *Wightman* v. *New York Life Ins. Co.*, 119 App. Div. 496; *Studwell* v. *Bush Co.*, 206 N. Y. 416.) The plaintiff wholly failed to prove agency and damages. The complaint was properly dismissed on the merits. (*Jenkins* v. *Moyse*, 254 N. Y. 319; *Matter of Batemen*, 7 Misc. Rep. 633; 145 N. Y. 623; *King* v. *Minnerly*, 156 App. Div. 918; *Lowendahl* v. *Baltimore & Ohio R. R. Co.*, 247 App. Div. 144; 272 N. Y. 360; *Pagel, Horton & Co., Inc.*, v. *Harman Paper Co.*, 236 App. Div. 47; *Sacks* v. *Anne Realty Co.*, 131 Misc. Rep. 117; *Bank of United States* v. *Manheim*, 264 N. Y. 45; *Matter of Case*, 214 N. Y. 199; *Matter of Bennett*, 238 N. Y. 583; *Logan* v. *Guggenheim*, 230 N. Y. 19.)

LEHMAN, Ch. J. The plaintiff, a building contractor, had negotiations with the defendant for the erection of a building for the occupancy of the defendant corporation upon land which officers of the defendant corporation were about to purchase. On June 28, 1939, a written contract for the erection of the proposed building by the plaintiff was made, not with the defendant corporation but with Esthall Realty Co., Inc., described in the contract as a " domestic corporation, now in process of organization, having its principal place of business at 50 Court Street, Brooklyn, New York, which corporation is to be the owner in fee of the premises hereinafter described." That corporation was thereafter organized but did not proceed with the erection of the building as planned. The plaintiff then brought this action against the defendant to recover the loss of the profits which it would have made if the building had been erected and paid for in accordance with the contract of June 28th.

Since the defendant did not sign the contract and is not named as a party, it denied liability for any breach of the contract by Esthall Realty Co., Inc., which may have occurred. It also claimed that under the terms of the written contract, Esthall Realty Co., Inc., reserved the right to determine whether or not it would thereafter proceed with

the building and assumed no obligation or liability unless thereafter it should give notice to the plaintiff to begin work. At the trial testimony was introduced intended to show that Esthall Realty Co., Inc., was formed for the convenience of the defendant corporation, had the same stockholders and was under the same control; that the plaintiff and the defendant understood that it would act as the agent of the defendant in all matters connected with the contract, and that the plaintiff, upon the suggestion of the defendant, relied upon the credit of the defendant. Testimony was also received intended to show that it was understood and agreed that, under the terms of the contract, Esthall Realty Co., Inc., acting as agent for the defendant corporation, assumed an absolute obligation to give notice to the plaintiff to begin construction of the building on or before July 6, 1939. The defendant produced testimony to the contrary. The trial judge submitted to the jury, as questions of fact, both whether Esthall Realty Co., Inc., acted as agent of the defendant in making the contract and whether under the terms of the contract the defendant, or Esthall Realty Co., Inc., its agent, assumed an absolute obligation to proceed with the erection of the building, though reserving some discretion as to the time when the plaintiff should be directed or permitted to begin work. In accordance with a stipulation of the parties a sealed verdict was ordered which might be opened in the absence of the jury with the same effect as if it were present. The jury found in its sealed verdict for the plaintiff.

The trial judge had, in effect, though perhaps not in clear language, charged the jury that if the jury's verdict should be in favor of the plaintiff the jury should find damages in the sum of $12,972, and when the jury brought in a verdict in favor of the plaintiff without stating the amount of damages found, the plaintiff's attorney moved to amend the verdict to read, " Verdict for the plaintiff in the sum of $12,972, with interest." At the same time the defendant moved to set aside the verdict. The trial judge reserved decision on both motions. Thereafter the court

granted the motion to amend the verdict but also granted the motion by the defendant to set aside the verdict, as amended, on the ground that it was against the weight of evidence. The court went further and, having reserved decision upon the defendant's motion made at the close of the case to dismiss the complaint, the court now granted the motion and dismissed the complaint. The ground of the dismissal was that, upon reflection, the court had determined that, under the terms of the contract, Esthall Realty Co., Inc., or the defendant corporation, its alleged principal, assumed no obligation unless thereafter it chose to notify the plaintiff to proceed.

The plaintiff appealed to the Appellate Division from the order of the court granting the defendant's motion to set aside the verdict and directing the entry of a judgment dismissing the complaint. The defendant cross-appealed from that order in so far as it granted plaintiff's motion to reform the verdict of the jury so as to specify damages. The Appellate Division modified the order in so far as it granted the motion to " reform " the verdict but otherwise affirmed the order. The plaintiff has appealed to this court from the judgment of dismissal entered upon the order of the Appellate Division. The Appellate Division in a brief memorandum stated that the plaintiff had failed to prove damages and was not, as matter of law, entitled to the damages inserted in the verdict as amended.

The primary question presented upon this appeal is whether under the terms of the written agreement, either the defendant or its alleged agent assumed any absolute obligation to proceed with the building or whether the obligation should arise only after notification was given to the plaintiff. The contract provides that, " It is hereby agreed between the Owner and the Contractor that completion for beneficial use and occupancy on November 20th, 1939, is of the essence of this contract, and is a paramount factor in the awarding of this contract to Contractor;" and it provides that for failure to complete the contract on or before that date the contractor shall pay liquidated damages of $100

per day " for every day said work is not entirely completed after November 20th, 1939." These clauses are followed by the following provisions or conditions:

" PROVIDED, however, that it is understood and agreed between the Owner and the Contractor that no work shall be done by the Contractor either at the building site or elsewhere until notice is given by the Owner to the Contractor to proceed and no obligation to the Owner shall be incurred by the Contractor under this agreement until the Owner shall have notified the Contractor in writing to proceed with the work; it being the intention of the Owner to give such notification to the Contractor on or before July 6th, 1939.

" The Owner is to furnish the Contractor and have ready for submission and filing drawings with the Building Department on or before July 19, 1939.

" In the event that the approval of the Building Department is not obtainable by July 21, 1939, then and in that event the completion date, November 20, 1939, shall be extended the number of days beyond July 21, 1939 that are required to obtain such approval."

Under the construction of that proviso now urged by the defendant, the plaintiff's obligation would be absolute while the defendant would be under no obligation to proceed unless thereafter it chose to do so. The defendant could, if it so desired, insist upon an absolute promise from the plaintiff while at the same time binding itself only conditionally or even, by apt language, reserving to itself an option whether it should thereafter proceed with the building in accordance with the stipulations of the written instrument; but in this case it has certainly not done so in unambiguous language. Though the instrument provided, " No obligation to the Owner shall be incurred by the Contractor under this agreement until the Owner shall have notified the Contractor in writing to proceed with the work," a reciprocal obligation on the part of the owner " to give such notification to the contractor on or before July 6th, 1939," or, perhaps, within a reasonable time thereafter,

may be read into the instrument by fair implication. The contract is, in our opinion at least, open to such construction and the trial judge erred in giving to the instrument a different construction as matter of law.

It would serve no purpose to analyze the evidence intended to show that Esthall Realty Co., Inc., acted as the agent of the defendant in signing the contract. It seems clear to us that upon that point the record presents a question of fact properly submitted to the jury. The question remains, however, whether the complaint was properly dismissed because the plaintiff failed to prove damages.

The contract provides that

" The consideration to be paid by the Owner to the Contractor shall be the sum of Two hundred Seventy Seven Thousand Six Hundred and Eleven Dollars ($277,611.00), which the Contractor hereby agrees shall not be exceeded except by written authorization of the Owner.

" Contract price above stated shall include the sum of Twelve Thousand Nine Hundred and Seventy Two Dollars ($12,972.00) for basic construction fee, plus Two Hundred and Sixty Four Thousand Six Hundred and Thirty Nine Dollars ($264,639.00) for basic Actual Cost of labor and material required for the completion of the work included in the

" Building Specifications dated May 29, 1939

" Plumbing Specifications dated June 14, 1939

" Heating Specifications dated June 14, 1939

" Electrical Specifications dated June 16, 1939

" Sprinkler specifications dated June 13, 1939

and Contract Supplements thereto dated June 28th, 1939, and as indicated on the drawings of the Architects and Engineers, The Ballinger Company, subject however, to additions and deductions upon signed authorization of the Owner as hereinafter provided.

" It is further understood and agreed between the Owner and the Contractor that in the event of the Basic Actual Cost of all labor and material required, not including Contractor's Basic Construction Fee of $12,972.00, being less

than $264,639.00, subject to additions and deductions, as hereinafter provided, any such saving shall accrue to the benefit of the Owner and of the Contractor in the proportions of Fifty percent (50%) and Fifty percent (50%) respectively."

We find in the instrument no agreement to pay the plaintiff $12,972 " for basic construction fee " if " basic actual cost of labor and material " should exceed $264,639. It seems clear to us that the plaintiff, in effect, agreed that actual cost should not exceed $264,639, and he assumed the risk that the actual cost might be greater than its estimated amount. If the cost should be less, one-half the saving would accrue to the benefit of the owner. If the cost proved greater than anticipated, the plaintiff might have no profit or even sustain a loss. His damages, therefore, are, as the Appellate Division has held, the difference between the stipulated price of $277,611, and the actual cost of completion of the contract. The plaintiff attempted to prove those damages but his evidence was excluded upon the objection of the defendant. He should have opportunity to prove them upon a new trial. The complaint should, therefore, not have been dismissed for failure of proof.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event. (See 286 N. Y. 698.)

LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur; DESMOND, J., taking no part.

Judgments reversed, etc.