OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs to abide the event, and a new trial ordered.
 

 Plaintiff contractor sued defendants to recover damages for breach of an oral contract involving construction of a house. Plaintiff prevailed after a jury trial, and the Appellate Division affirmed in a 3-2 decision. An appeal as of right ensued (CPLR 5601 [a]).
 

 The trial evidence disclosed that the parties had agreed to plaintiff’s $90,000 fee for construction of the house, a payment schedule, and a completion date. The parties also agreed that the defendants would pay for the construction on a cost-plus
 
 *876
 
 basis. The record is unclear and in dispute as to whether the parties agreed to a one-year warranty provision as an essential term of the oral contract. Also in dispute is whether the $90,000 fee (1) was contingent upon plaintiff’s completing construction of the house, and (2) represented both plaintiff’s overhead and profit or, rather, plaintiff’s anticipated net profit. Shortly after plaintiff performed preparatory work on the building site, but before beginning actual construction on the house, plaintiff discovered that defendants had hired another contractor.
 

 The trial court instructed the jury on the subjective and objective elements of contract formation, but did not specifically charge the jury with respect to the legal consequences of the disputed warranty provision. The jury rendered a special verdict for plaintiff in the amount of $96,221.20 — the $90,000 agreed upon fee plus plaintiff’s out-of-pocket expenses — and 50% of court fees. Supreme Court entered judgment for plaintiff minus the court fees, and the Appellate Division affirmed.
 

 A trial court is required to state the law relevant to the particular facts in issue, and a set of instructions that confuses or incompletely conveys the germane legal principles to be applied in a case requires a new trial
 
 (see, Moore v New York El. R. R. Co.,
 
 130 NY 523). The order of the Appellate Division, therefore, must be reversed and a new trial ordered, because the trial court failed to instruct the jury properly on the legal principles pertinent to the one-year warranty provision.
 

 The trial court failed to apprise the jury of a potentially dispositive legal precept, namely, the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). The issue is relevant and in dispute. Had the jury found, on proper instruction, as defendant requested, that the parties agreed to a one-year warranty to run from the completion of construction, the contract would not have been capable of completion within one year from its making. Thus, the jury would have been required to find that an enforceable contract did not exist
 
 (see,
 
 General Obligations Law § 5-701 [a] [1];
 
 see also, Halpern v Shafran,
 
 131 AD2d 434, 435-436). One cannot determine from the verdict whether the jury even considered the contested warranty provision. The parties’ testimony regarding a warranty provision necessitated an instruction, the lack of which, in turn and in the full context of what was charged to the jury, requires a new trial.
 

 
 *877
 
 Since there must be a new trial, we also emphasize the need for definitive jury instructions concerning the proper measure of damages. In that respect, plaintiff bears the "burden of proving the extent of the harm suffered”
 
 (see, Berley Indus, v City of New York,
 
 45 NY2d 683, 686). While a plaintiff may recover damages when the measure of damages is unavoidably uncertain or difficult to ascertain, a reasonable connection between a plaintiffs proof and a jury’s determination of damages is nevertheless necessary
 
 (see, id.; see also, Spitz v Lesser,
 
 302 NY 490, 492-494).
 

 In the event the defendant owners are found to have breached an enforceable contract, the general measure of damages for the plaintiff contractor is expectancy damages
 
 (see, Rosen v Equitable Paper Bag Co.,
 
 286 NY 410, 418; Dobbs, Remedies § 12.24, at 912 [1973]). Notwithstanding the cost-plus formula of the putative contract, plaintiff would not ordinarily be entitled to recover overhead expenses unless they were caused by defendants’ breach. If the parties intended the $90,000 fee to encompass both overhead during construction and profits as well, then awarding plaintiff that full amount would be improper. Consequently, the jury on a new trial should be properly instructed so that any damage award plaintiff may recover will accurately reflect only anticipated profit or full contract price less the cost of performance.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.