■ MAIMONIDES MEDICAL CENTER, Respondent, v CYNLIP BORO PARK ASSOCIATES, Appellant, SOLOMON LIPPER et al., Defendants, and TOMAS GREENBERGER, Respondent. (Action No. 1.) RIVPEN REALTY CORP., Appellant, v CYNLIP BORO PARK ASSOCIATES, Third-Party Plaintiff-Appellant, et al., Defendants, and MAIMONIDES MEDICAL CENTER et al., Respondents. (Action No. 2.) [647 NYS2d 843] —In consolidated actions, *inter alia,* to recover damages arising from alleged misrepresentations regarding the sale of a parcel of real property, Cynlip Boro Park Associates and Rivpen Realty Corp. appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated July 16, 1993, as, upon a jury verdict and upon an order of the same court dated April 20,

1993, denying their motions for judgment notwithstanding the verdict or for a new trial, (1) dismissed their respective claims against Maimonides Medical Center sounding in malicious abuse of process and prima facie tort and (2) dismissed their respective claims against Tomas Greenberger sounding in malicious abuse of process.

Ordered that the judgment is reversed insofar as appealed from, with costs, and (1) the words "counterclaims and" are deleted from subparagraph (b) of the first decretal paragraph, (2) the words "except for the fifth cause of action" are added to subparagraph (c) of the first decretal paragraph, and (3) the words "Cynlip, Rivpen" are deleted from the second and sixth lines of the second decretal paragraph, and the matter is remitted to the Supreme Court, Kings County, for a new trial in accordance herewith.

This action arises out of an attempt by Maimonides Medical Center (hereinafter Maimonides) to purchase land improved by an office building located at 1177 48th Street, in Brooklyn, New York. The owner of this property was Cynlip Boro Park Associates (hereinafter Cynlip), a partnership of two corporations, Solomon Lipper, Inc., and Samuel Cynamon, Inc., each corporation being solely owned by Solomon Lipper and Samuel Cynamon, respectively.

After extended negotiations a contract of sale was prepared by Cynlip's attorney and tendered to Maimonides' attorney, Tomas Greenberger. On or about April 25, 1988, the contract was signed by Maimonides and returned to Cynlip for signature, together with a deposit check in the amount of $50,000. The contract was never signed by Cynlip and the check was never cashed. On or about May 10, 1988, one day before a closing was scheduled with Rivpen Realty Corp. (hereinafter Rivpen), Greenberger filed a notice of pendency on behalf of Maimonides against the property. Greenberger was also the president and a 16% shareholder of Four Star Realty Co., Inc., a family-owned-and-operated real estate brokerage firm that stood to earn a commission upon a sale of the building to Maimonides.

As a consequence of the filing, a purchase and sale agreement between Cynlip and Rivpen was aborted at the closing. Cynlip subsequently lost the building in foreclosure.

On appeal, Rivpen and Cynlip contend that the trial court committed reversible error when it failed to charge the jury on the Statute of Frauds after having assured the parties that it would so charge. We agree. "A trial court is required to state the law relevant to the particular facts in issue, and a set of

instructions that confuses or incompletely conveys the germane legal principles to be applied in a case requires a new trial" (*J. R. Loftus, Inc. v White,* 85 NY2d 874, 876). The Statute of Frauds provides that a contract for the sale of real property is void unless memorialized in a writing subscribed by the party to be charged (*see,* General Obligations Law § 5-701 [a]; § 5-703 [3]; *Onorato v Lupoli,* 135 AD2d 693). The law further provides that part performance of an oral contract for the sale of real property can remove it from the bar of the Statute of Frauds and give rise to a cause of action for specific performance (*see,* General Obligations Law § 5-703 [4]; *Onorato v Lupoli, supra*).

In this case, the applicability of the Statute of Frauds is relevant to the parties' dispute. At trial, Greenberger testified that before filing the notice of pendency, he discussed with Maimonides "the fact that the contract was not signed and that there were exceptions to the statute of fraud *[sic]*". Greenberger believed that the parties had an oral contract, based upon "their representations, their statements, their actions, the way they presented themselves, their demeanor, their insistence: We're going to go to closing immediately. That we had a deal. It was a meeting of the minds. We met their price, their terms. We presented them with the check they wanted, reviewed the contract they offered us and was accepted. We had a contract". Thus, whether or not Greenberger and Maimonides could reasonably believe that they had a legally enforceable contract was crucial to an evaluation of their conduct in filing the notice of pendency. The issues in this case necessitated an instruction on the Statute of Frauds as requested and promised by the court, and the lack of such an instruction requires a new trial (*see, J. R. Loftus, Inc. v White, supra,* 85 NY2d 874).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.