*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 12, 2017 522173
_____

TRUSTCO BANK,

                    Respondent,

        v

PEARL MONT COMMONS, LLC,

                    Defendant,          MEMORANDUM AND ORDER
        and

GERALYNN LYNN,

                    Appellant.
_____

Calendar Date: November 14, 2016

Before: McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

        Geralynn Lynn, Orangeburg, appellant pro se.

        McNamee, Lochner, Titus & Williams, PC, Albany (Francis J. Smith of counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Buchanan, J.), entered March 31, 2015 in Schenectady County, which denied defendant Geralynn Lynn's motion for summary judgment dismissing the complaint against her.

        Plaintiff obtained two money judgments against John Lynn (hereinafter Lynn), the husband of defendant Geralynn Lynn (hereinafter defendant), totaling approximately $2.8 million. A postjudgment deposition revealed that Lynn had used the assets of his company, defendant Pearl Mont Commons, LLC (hereinafter PMC), to pay for personal expenses and had transferred funds from PMC

to defendant.  As a result, plaintiff commenced this action asserting, among other things, a cause of action against PMC and defendant for fraudulent conveyances pursuant to Debtor and Creditor Law § 274.  Following joinder of issue, defendant moved for dismissal of the complaint, alleging that she is a 50% owner of PMC.  Supreme Court ordered an immediate trial to determine whether defendant could establish this assertion as a matter of law (see CPLR 3211 [c]).  Following the trial, Supreme Court found issues of fact and, accordingly, denied defendant's motion in its entirety.  This appeal by defendant ensued.

Defendant's sole contention is that she put forth evidence establishing that she is a 50% owner of PMC and, therefore, Supreme Court erred in finding that issues of fact exist regarding her ownership interest.  Our review of the record, however, confirms Supreme Court's finding that conflicting evidence was adduced on this point and that issues of fact exist.  Although defendant produced bank documents which she signed as a "[m]anager or [d]esignated [m]ember" of PMC, these documents are equivocal as to defendant's purported ownership interest.  Defendant also proffered PMC's operating agreement that appears to display her signature and list her as a 50% member, but plaintiff adduced evidence calling into question the authenticity of defendant's signature, as well as the authenticity of the document itself.  This proof, together with financial records listing Lynn as PMC's owner and his postjudgment deposition testimony in which he repeatedly affirmed that he was the sole owner of PMC, precludes a determination, as a matter of law, regarding defendant's ownership interest in PMC (see generally Sherman v New York State Thruway Auth., 27 NY3d 1019, 1021-1022 [2016]).  Finally, contrary to defendant's argument, Supreme Court properly denied her request to admit the incomplete and uncertified copies of PMC's tax records into evidence, as they were not in admissible form (see CPLR 4540 [a], [b]).

Defendant's remaining contentions have been reviewed and found to be without merit.

McCarthy, J.P., Garry, Mulvey and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.




                ENTER:

                Robert D. Mayberger
                Clerk of the Court