Schleger v Jurcsak (2020 NY Slip Op 04610)





Schleger v Jurcsak


2020 NY Slip Op 04610


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-08055
 (Index No. 17049/10)

[*1]Jeffrey K. Schleger, appellant,
v
Michael F. Jurcsak, Jr., et al., respondents.


Kagan & Gertel, Brooklyn, NY (Irving Gertel of counsel), for appellant.
Picciano & Scahill, P.C. (Rivkin Radler LLP, Uniondale, NY [Cheryl F. Korman and Merril S. Biscone], of counsel), for respondents Michael F. Jurcsak, Jr., and Michael G. Jurcsak, and DeSena & Sweeney, LLP (Rivkin Radler LLP, Uniondale, NY [Cheryl F. Korman and Merril S. Biscone], of counsel), for respondent Valley Stream Fire Department (one brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered May 31, 2017. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability finding the plaintiff 60% at fault in the happening of the accident and the defendant Michael F. Jurcsak, Jr., 40% at fault, and upon a separate jury verdict on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of only $20,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on August 2, 2009, when his vehicle collided with a vehicle operated by the defendant Michael F. Jurcsak, Jr. (hereinafter the defendant driver). At the time of the accident, the defendant driver was responding to a fire in his capacity as a volunteer firefighter for the defendant Valley Stream Fire Department and attempted to cross an intersection against a red light.
At a trial on the issue of liability, the plaintiff testified that he had a green light at the intersection where the accident occurred, and did not hear any horns, see any flashing lights, or see any vehicles attempting to cross the intersection until it was too late to take evasive maneuvers. The defendant driver testified that he stopped at a red light at the intersection with his emergency light flashing, saw there was minimal cross traffic, and attempted to cross the intersection when the plaintiff's vehicle collided with his vehicle.
The jury found, inter alia, that both the plaintiff and the defendant driver were negligent, their negligence was a substantial factor in causing the accident, and the plaintiff was 60% at fault in the happening of the accident and the defendant driver was 40% at fault. The Supreme Court denied the plaintiff's motion for judgment as a matter of law made at the close of evidence and the plaintiff's motion to set aside the verdict and for judgment as a matter of law. A separate trial was then held on the issue of damages. The court thereafter entered a judgment in favor of the [*2]plaintiff and against the defendants in the principal sum of $20,000. The plaintiff appeals.
" A motion for judgment as a matter of law . . . may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 717, quoting Rumford v Singh, 130 AD3d 1003-1004). Contrary to the plaintiff's contention, the evidence presented at trial on the issue of liability, viewed in the light most favorable to the defendants, provided a rational basis upon which the jury could have found that the plaintiff was negligent and 60% at fault for the happening of the accident (see Khaydarov v AK1 Group, Inc., 173 AD3d 721, 722). The defendant driver testified that he had his emergency light flashing, flashed his high beam headlights, and honked his horn as he attempted to cross the intersection. Furthermore, he testified that he observed other vehicles slowing and stopping to let him pass as he safely crossed eight to nine lanes before his vehicle was struck by the plaintiff's vehicle in the last lane of the intersection.
A jury verdict, including its apportionment of fault, should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Khaydarov v AK1 Group, Inc., 173 AD3d at 722; Vazquez v County of Nassau 91 AD3d 855, 857). "When a jury's verdict can be reconciled with a reasonable view of the evidence, the prevailing party at trial is entitled to the presumption that the jury adopted that view" (Khaydarov v AK1 Group, Inc., 173 AD3d at 722). " Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence,' and its credibility determination is entitled to deference" (id., quoting Aronov v Kanarek, 166 AD3d 574, 575 [internal quotation marks omitted]). Contrary to the plaintiff's contention, the jury's verdict on the issue of liability finding that the plaintiff was negligent and 60% at fault in the happening of the accident was not contrary to the weight of the evidence because a fair interpretation of the evidence supports the verdict (see Khaydarov v AK1 Group, Inc., 173 AD3d at 722; Vazquez v County of Nassau 91 AD3d at 857).
"Trial courts are vested with broad discretion in making determinations concerning matters of disclosure'" (Mazzurco v Gordon, 173 AD3d 1001, 1002, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209). Contrary to the plaintiff's contention, the plaintiff had a duty under CPLR 3101(h) to disclose to the defendants that he resumed treatment with neurologist Itzhak Haimovic in 2013, as the records and authorizations the plaintiff provided to the defendants in 2012 were no longer correct and complete once he resumed treatment with Haimovic in 2013, and his failure to disclose this resumed treatment materially misled the defendants as to the extent of the plaintiff's treatment (see CPLR 3101[h]; Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 35-37). Thus, the Supreme Court providently exercised its discretion in precluding Haimovic from testifying at the trial on the issue of damages regarding his treatment of the plaintiff after 2010 and in not allowing into evidence Haimovic's records regarding the plaintiff's treatment from 2013 through 2015 (see Ward v Mehar, 264 AD2d 515, 516; see also Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d at 35-37).
" A party claiming lost earnings has the burden of proving the amount of actual past earnings with reasonable certainty, by means of tax returns or other documentation'" (Tarpley v New York City Tr. Auth., 177 AD3d 929, 932, quoting Deans v Jamaica Hosp. Med. Ctr., 64 AD3d 742, 744). " Unsubstantiated testimony, without documentation, is insufficient to establish lost earnings'" (Tarpley v New York City Tr. Auth., 177 AD3d at 932, quoting Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 496). Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion in not admitting the plaintiff's W-2 and 1099 tax forms into evidence during the trial on the issue of damages, as the plaintiff failed to lay a proper foundation for the admission of these records (see Trustco Bank v Pearl Mont Commons, LLC, 146 AD3d 1117; see generally HSBC Bank USA, N.A. v Green, 175 AD3d 1273, 1275). The plaintiff's unsubstantiated testimony regarding his earnings was insufficient to meet his burden to establish damages for lost earnings with reasonable certainty, and thus, we agree with the court's [*3]determination to dismiss his claim of lost earnings (see Tarpley v New York City Tr. Auth., 177 AD3d 929; Lodato v Greyhawk N. Am., LLC, 39 AD3d at 496).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court