Gorokhova v Consolidated Edison of N.Y., Inc. (2020 NY Slip Op 04828)





Gorokhova v Consolidated Edison of N.Y., Inc.


2020 NY Slip Op 04828


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08133 
2017-12471
 (Index No. 23269/11)

[*1]Lina Gorokhova, respondent, 
v
Consolidated Edison of New York, Inc., et al., appellants.


Nadine Rivellese (Heidell, Pittoni, Murphy & Bach, LLP, New York, NY [Daniel S. Ratner], of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (I. Bryce Moses and David M. Schwarz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered June 14, 2017, and (2) an order of the same court entered November 13, 2017. The judgment, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $1,500,000 for past pain and suffering and $4,000,000 for future pain and suffering over a 29-year period, is in favor of the plaintiff and against the defendants in the total sum of $8,351,924.06. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment and for a new trial.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages; and it is further,
ORDERED that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on December 3, 2010, when her vehicle was struck from behind by a vehicle driven by the defendant Joseph D. Blasi and owned by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed). The plaintiff was awarded summary judgment on the issue of liability, and the action proceeded to a trial on the issue of damages. The jury returned a verdict awarding the plaintiff the sums of $1,500,000 for past pain and suffering and $4,000,000 for future pain and suffering over a 29-year period.
On appeal, the defendants contend, inter alia, that the verdict and judgment must be set aside on the ground that they were deprived of a fair trial by the Supreme Court's improper jury instruction on the law. Specifically, the defendants contend that the court erroneously charged the jury with respect to the burden of proof.
"A trial court is required to state the law relevant to the particular facts in issue, and a set of instructions that confuses or incompletely conveys the germane legal principles to be applied in a case requires a new trial" (J.R. Loftus, Inc. v White , 85 NY2d 874, 876).
Here, we agree with the defendants that under the facts of this case, the Supreme Court's determination to charge Pattern Jury Instructions 1:60 was improper in the context of a trial limited to the issue of damages only and was prejudicial to the defendants in that it shifted the burden of proof. In light of the court's error in the charge, substantial justice was not done since the jury was not instructed with the germane legal principles to be applied (see J.R. Loftus, Inc. v White , 85 NY2d at 876). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the issue of damages.
In light of our determination, we dismiss the appeal from the order as academic, and we need not reach the defendants' remaining contentions.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court