Parris v Schneider Elec. Mobility NA, Inc. (2021 NY Slip Op 04755)





Parris v Schneider Elec. Mobility NA, Inc.


2021 NY Slip Op 04755


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-04858
 (Index No. 604866/16)

[*1]Carlyle Parris, respondent, 
v
Schneider Electric Mobility NA, Inc., et al., appellants, et al., defendant.


Bond, Schoeneck & King PLLC, New York, NY (James E. McGrath III of counsel), for appellants.
Neil H. Greenberg & Associates, P.C., Massapequa, NY (Justin M. Reilly of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Schneider Electric Mobility NA, Inc., and Schneider Electric Corporation appeal from a judgment of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered February 14, 2019. The judgment, insofar as appealed from, upon a decision of the same court entered January 2, 2019, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the principal sum of $314,876.71, with interest from January 9, 2011, plus costs and disbursements, for a total sum of $545,988.29.
ORDERED that the judgment is reversed insofar as appealed from, on the facts, with costs, and the complaint is dismissed insofar as asserted against the defendants Schneider Electric Mobility NA, Inc., and Schneider Electric Corporation.
Under a contract with the Triborough Bridge and Tunnel Authority, the appellants maintained the toll collection systems at 10 toll plazas across New York City, including performing preventative and corrective maintenance of toll plaza hardware. The contract required that all classes of "laborers," "workmen," and "mechanics" be paid prevailing wages pursuant to the Labor Law (see Labor Law § 220). The plaintiff, an employee of the appellants, commenced this action, inter alia, to recover damages for breach of contract, alleging that the appellants failed to pay him prevailing wages as required by the contract.
The matter proceeded to a nonjury trial, at which the following evidence was adduced. The plaintiff was employed as a "Material Controller." In that position, the qualifications for which were a high school diploma, basic computer skills, and a valid driver's license, the plaintiff drove a van between the appellants' warehouse in Long Island City and the various toll plazas, picking up and delivering parts. The plaintiff also loaded and unloaded the van, was in charge of shipping and receiving parts and associated paperwork, and was charged with taking and keeping an accurate inventory of all parts present in the warehouse. The plaintiff testified that in addition to these duties, he assisted various technicians employed by the appellants in performing certain physical labor upon toll plaza hardware. While the technicians were paid prevailing wages, the plaintiff was not.
After the trial, the Supreme Court concluded that the plaintiff had demonstrated that he was entitled, under the contract, to receive prevailing wages for every hour that he worked during his six-year tenure. The court thus awarded him damages in the principal sum of $314,876.71, with [*2]interest from January 9, 2011, plus costs and disbursements, for a total sum of $545,988.29.
In determining whether an employee should have been paid prevailing wages, the key inquiry is not the employee's skill level or training, but the nature of the work actually performed (see Matter of Kelly v Beame, 15 NY2d 103, 109; Matter of Nash v New York State Dept. of Labor, 34 AD3d 905, 906). Here, the plaintiff demonstrated that he was entitled to prevailing wages, but only for a portion of the work he performed during his tenure, in particular, for the time he spent assisting the various technicians (see Matter of A. Uliano & Son. Ltd. v New York State Dept. of Labor, 97 AD3d 664, 665; Matter of Tenalp Constr. Corp. v Roberts, 141 AD2d 81; see also Matter of Nash v New York State Dept. of Labor, 34 AD3d at 906). However, the plaintiff also had the burden of proving the extent of his damages (see J.R. Loftus, Inc. v White, 85 NY2d 874, 877), and this he failed to do.
"While a plaintiff may recover damages when the measure of damages is unavoidably uncertain or difficult to ascertain, a reasonable connection between a plaintiff's proof and [the] determination of damages is nevertheless necessary" (id. at 877). In the present case, the plaintiff failed to quantify, in any reasonably definite manner, either the number of hours, or percentage of his time, which was spent on prevailing-wage work. He testified vaguely that he performed certain specific tasks for which he should have received prevailing wages on "occasion," at "various times," or "as per needed." Further, although he testified more generally that he used tools to work on toll plaza hardware on a regular basis, he never quantified or estimated the amount of time he spent each day on such tasks. Under the circumstances, any determination of the amount of the plaintiff's damages would be unsupported by evidence and speculative. Accordingly, as the plaintiff failed to meet his burden of proof on his breach of contract cause of action, we reverse the judgment and dismiss the complaint insofar as asserted against the appellants (see Crippen v Adamao, 165 AD3d 1227, 1229; Haber v Gutmann, 64 AD3d 1106, 1108; see also Schleger v Jurcsak, 186 AD3d 771, 774).
In light of our determination, we need not reach the appellants' remaining contentions.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court