Matter of Lemczik v Artie's Auto Parts, Inc. (2025 NY Slip Op 03192)

Matter of Lemczik v Artie's Auto Parts, Inc.

2025 NY Slip Op 03192

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-09477 
2023-00556
 (Index No. 150589/20)

[*1]In the Matter of Steven I. Lemczik, etc., petitioner-appellant, 
v
Artie's Auto Parts, Inc., respondent, Ronald J. Semler, et al., respondents-respondents.

Scamardella, Gervasi & Kasegrande, P.C., Staten Island, NY (Michael V. Gervasi of counsel), and Heller, Horowitz & Feit, P.C., New York, NY (Stuart A. Blander of counsel), for petitioner-appellant (one brief filed).
Crawford DeSantis Mancuso, LLP, Staten Island, NY (Michael J. DeSantis of counsel), for respondents-respondents.

DECISION & ORDER
In an proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a corporation, the petitioner appeals from (1) a decision of the Supreme Court, Richmond County (Dennis Owens, Ct. Atty. Ref.), dated October 7, 2022, and (2) an order of the same court (Orlando Marrazzo, Jr., J.) dated January 5, 2023. The decision, after a hearing, determined that the petitioner failed to establish entitlement to an award of damages. The order denied the petitioner's claim for damages and dismissed that branch of the petition which was for an award of damages.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Co., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents Ronald J. Semler and Allen Goldberg.
In March 2020, the petitioner commenced this proceeding, inter alia, pursuant to Business Corporation Law § 1104-a to dissolve the respondent Artie's Auto Parts, Inc. (hereinafter Artie's), on the grounds of oppression and diversion of corporate assets, and further sought to recover certain damages. In an order dated October 22, 2020, upon the consent of the parties, the Supreme Court, among other things, directed that the respondents Ronald J. Semler and Allen Goldberg dissolve Artie's and referred the matter to a court attorney referee for a hearing on the issue of the amount of damages, if any, to be recovered by the petitioner.
After the hearing, the court attorney referee determined that the petitioner failed to demonstrate his entitlement to an award of damages, and, in an order dated January 5, 2023, the Supreme Court denied the claim for damages and dismissed that branch of the petition which was to recover damages. The petitioner appeals.
"It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 838; see Berley Indus. v City of New York, 45 NY2d 683, 686). "'While a plaintiff may recover damages when the measure of damages is unavoidably uncertain or difficult to ascertain, a reasonable connection between a plaintiff's proof and the determination of damages is nevertheless necessary'" (Parris v Schneider Elec. Mobility NA, Inc., 197 AD3d 710, 712 [alteration omitted], quoting J.R. Loftus, Inc. v White, 85 NY2d 874, 877).
"'In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the witnesses'" (Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703, quoting Deutsche Bank Natl. Trust Co. v Gordon, 129 AD3d 769, 769; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
The petitioner contends that the court attorney referee erred by failing to award him damages arising from the respondents' failure to pay the petitioner's salary beginning in April 2018, and by failing to value the petitioner's shares of Artie's at a value set forth in a shareholder agreement. Contrary to the petitioner's contention, the court attorney referee's determination that the petitioner did not establish his entitlement to an award of damages was warranted by the facts and therefore should not be disturbed (see Indymac Fed. Bank, FSB v Jones, 173 AD3d at 704; Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627). The evidence established that the petitioner did not return to work after a period of unpaid suspension. Additionally, the petitioner failed to establish the value of his stock in Artie's, as he failed to submit an independent valuation to establish the current value of the stock as required by the shareholder agreement.
Accordingly, we affirm the order.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court