■ JOAN M. DAVIS, Appellant, v MUTUAL OF OMAHA INSUR-ANCE COMPANY, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered November 16, 1989 in Rensselaer County, upon a decision of the court, without a jury, in favor of plaintiff.

The underlying breach of contract action in this case stems from a dispute between the parties over the extent to which three insurance policies obtained from defendant by plaintiff in 1980 or 1981 covered plaintiff's treatment for temporal mandibula joint syndrome (hereinafter TMJS). Defendant disclaimed coverage for several years arguing that TMJS was a preexisting condition that plaintiff had allegedly been treated for but failed to disclose on her insurance applications. As it later turned out, however, medical affidavits established that plaintiff had not previously been treated for TMJS, nor had she been told she had symptoms of TMJS prior to the time she filled out her insurance applications. Apparently because of plaintiff's frustration over what she felt was an unjustified denial of insurance benefits, plaintiff wished to vigorously pursue her second cause of action for punitive damages against defendant. However, a dispute with her attorney over, among other things, the viability of the punitive damages claim ultimately led to the withdrawal of plaintiff's attorney from representing her in this matter. Despite her efforts, plaintiff was unable to obtain another attorney and plaintiff finally brought the case to trial, *pro se,* on July 6, 1988.

At trial, it is apparent from the record that plaintiff's inexperience and lack of legal training prevented her from

making a reasonable presentation of the evidence and she was clearly confused as to issues such as which party bore the burden of proof. Nevertheless, early in the proceedings defendant conceded that plaintiff was covered for TMJS under the policies and only disputed the amount of coverage. However, when plaintiff tried to prove the extent of her damages she only offered her own conclusory testimony as evidence without introducing any medical bills. At the close of plaintiff's case, defendant made a motion to dismiss on the ground that plaintiff had failed to meet her burden of proof. Supreme Court adjourned the matter without deciding the motion following unsuccessful discussions with plaintiff over a possible settlement of the case. When the case reconvened on July 17, 1989, defendant consented to damages on the compensatory part of plaintiff's claim in the amount of $20,121 but renewed its motion to dismiss the punitive claim. Although plaintiff disputed the amount offered in compensatory damages, she offered no additional proof on the issue. Thereafter, Supreme Court found against defendant in the amount of $20,121 on plaintiff's first cause of action and dismissed her claim for punitive damages for failure of proof. This appeal by plaintiff followed.

Plaintiff challenges Supreme Court's determination of compensatory damages, arguing that additional moneys should have been awarded as to her first claim. Additionally, plaintiff asserts that Supreme Court erred in dismissing her claim for punitive damages. We cannot agree with these contentions.

It is well settled that the burden of proving damages in contract actions is on the plaintiff *(see, Manshul Constr. Corp. v Dormitory Auth.,* 79 AD2d 383, 387). Here, regarding the compensatory damages claim, the only adequate proof of damages in the record was the $20,121 amount that defendant consented to on the record. No other competent proof was presented. Absent the concessions of defendant regarding her first claim, Supreme Court correctly noted that plaintiff failed to set out a prima facie case as to either of her causes of action. As for her punitive damages claim, "[i]t should be noted that a demand for punitive damages does not amount to a separate cause of action in a complaint" *(Catalogue Serv. v Insurance Co.,* 74 AD2d 837, 838). Moreover, not only did plaintiff fail to provide any evidence to support an award of punitive damages, it appears that she could not meet the strict standards to do so even if she were granted the new trial she seeks. At most, plaintiff could have proved that the denial of her benefits was willful and without justification,

which is insufficient to sustain a punitive damages claim *(see, Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 317, *appeal dismissed* 58 NY2d 605, 800; *Catalogue Serv. v Insurance Co., supra,* at 838; *see also, Halpin v Prudential Ins. Co.,* 48 NY2d 906).

Although plaintiff, with some justification, blames her failure in this regard on her status as a *pro se* litigant, we decline to grant her a new trial on damages so that she can try again. While plaintiff unquestionably had the right to represent herself, she did so at her peril. " 'A litigant appearing pro se acquires no greater right than any other litigant and such appearance may not be used to deprive [the] defendants of the same rights enjoyed by other defendants' " *(Roundtree v Singh,* 143 AD2d 995, 996, quoting *Morgan v Sylvester,* 125 F Supp 380, 388, *affd* 220 F2d 758, *cert denied* 350 US 867). We reject as meritless plaintiff's contention that Supreme Court did not afford her enough latitude as a *pro se* litigant, thereby undermining her confidence. The record reveals that Supreme Court did everything it conceivably could to protect plaintiff without actually giving her legal advice. The court even recessed the case without deciding defendant's motion to dismiss even though plaintiff had clearly failed to meet her burden of proof. Both the court and her opponent were more than accommodating under the circumstances and plaintiff has presented nothing on this appeal that would convince us a new trial is required in this matter.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.