■ G & A Moving & Storage Co., Inc., Respondent, v Computer Associates International, Inc., Appellant. [650 NYS2d 982] —In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.), dated October 11, 1995, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $71,060.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered *(see, Berley Indus. v City of New York,* 45 NY2d 683, 686; *Haughey v Belmont Quadrangle Drilling Corp.,* 284 NY 136; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *see also, J. R. Loftus, Inc. v White,* 85 NY2d 874, 877; *Manshul Constr. Corp. v Dormitory Auth.,* 79 AD2d 383, 389). Thus, a plaintiff is required to sustain his or her burden to demonstrate actual damages *(see, J. R. Loftus, Inc. v White, supra,* at 874; *Ashton v McLenithan,* 224 AD2d 749; *Davis v Mutual of Omaha Ins. Co.,* 167 AD2d 714). In order to be entitled to a verdict, or a judgment for damages for breach of contract, the plaintiff must lay a basis for a reasonable estimate of the extent of his harm *(see,* 5 Corbin, Contracts § 1020, at 124).

In the instant case, the Supreme Court erroneously shifted the burden of proving damages to the defendant. On this record, there was insufficient evidence to compute the plaintiff's

net loss of profits, since no evidence was presented by the plaintiff to prove its costs of providing the goods and services in question. The only evidence admitted at trial was introduced by the defendant's witnesses as to the expense it incurred to obtain the goods and services in question from another party. Accordingly, since the plaintiff failed to meet its burden of proof, the complaint should have been dismissed. Thompson, J. P., Joy, Krausman and Luciano, JJ., concur.