■ Norman Steiger, M.D., P.C., et al., Respondents, v Jack S. Dweck et al., Appellants. (And a Third-Party Action.) (Action No. 1.) Joseph C. Elfenbein, M.D., P.C., et al., Respondents, v Jack S. Dweck et al., Appellants. (And a Third-Party Action.) (Action No. 2.) [762 NYS2d 84] —In two related actions, inter alia, to recover damages for breach of a lease, the defendants in Action Nos. 1 and 2 appeal (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered December 17, 2001, which, after a hearing for an award of an attorney's fee, determined that the defendants were entitled to only a limited award of an attorney's fee, and (2), on the ground of inadequacy, from a second supplemental judgment of the same court entered February 19, 2002, which awarded them the sum of only $12,500 as an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the second supplemental judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of the second supplemental judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the second supplemental judgment (*see* CPLR 5501 [a] [1]).

By decision and order dated July 2, 2001, this Court determined that the defendants were entitled to recover an attorney's fee incurred in enforcing leases with the plaintiffs (*see Steiger v Dweck*, 285 AD2d 458 [2001]).

The defendants now contend that the attorney's fee awarded was inadequate for the services performed, and that they should be awarded an additional amount. In determining reasonable compensation for an attorney, a court will consider the following factors: "time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer's experience, ability and reputation; the amount involved and benefit resulting to the client from the services; the customary fee charged by the Bar for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved" (*Matter of Freeman*, 34 NY2d 1, 9 [1974]).

The Supreme Court's award was a provident exercise of discretion as the defendants' time sheets did not reveal the names of the clients or the nature of the services rendered to them. The court was not bound by the defendants' estimate of time spent on the case. There was no showing by the defendants that the questions involved in this case were difficult or that over 300 hours was needed to litigate those claims relating to the enforcement of the lease at issue. Thus, the fee awarded was reasonable.

The remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.