■ MILLER REALTY ASSOCIATES, Appellant, v ROBERT AMENDOLA, Respondent. (Action No. 2.) MILLER REALTY ASSOCIATES, Appellant-Respondent, v AMENDOLA INDUSTRIES, INC., Respondent-Appellant. (Action No. 1.) [859 NYS2d 258]—

In an action, inter alia, to recover damages for breach of a lease (action No. 1), and a separate action, inter alia, to recover damages for violation of the Navigation Law (action No. 2), Miller Realty Associates, the plaintiff in both actions, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated September 26, 2006, as granted that branch of the motion of Robert Amendola, the defendant in action No. 2, which was to dismiss the complaint in that action as barred by the doctrine of res judicata, and (2) so much of a judgment of the same court entered December 7, 2006, as, after a nonjury trial in action No. 1 and upon an order of the same court dated April 6, 2006, granting the motion of Amendola Industries, Inc., the defendant in action No. 1, to dismiss the claim for punitive damages, in effect, dismissed its claim for punitive damages in action No. 1, and Amendola Industries, Inc., the defendant in action No. 1, cross-appeals, as limited by its brief, from so much of the same judgment as, upon, inter alia, an order of the same court (Feinman, J.), dated September 17, 2004, denying those branches of its motion which were to dismiss the amended complaint in action No. 1 as time-barred and based upon spoliation of evidence, and upon a decision dated December 14, 2005, is in favor of the plaintiff and against it in the total sum of $97,829.90, including an award of an attorney's fee in the principal sum of $53,574.38, with prejudgment interest from November 1, 2004.

Ordered that the order dated September 26, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff prejudgment interest on the attorney's fee award from November 1, 2004 and substituting therefor a provision awarding the plaintiff prejudgment interest on the attorney's fee award from February 26, 2006; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the recalculation of prejudgment interest and the entry of an amended judgment thereafter.

The Supreme Court properly determined that action No. 1 was timely commenced pursuant to CPLR 214-c. Regardless of the labels attached to the plaintiff's respective causes of action,

a review of the underlying amended complaint reveals that the plaintiff was seeking to recover for damage to its property caused by the leakage into the soil of a liquid containing volatile organic compounds from a "dipping tank" which allegedly was buried on the premises by the defendant in action No. 1, Amendola Industries, Inc. (hereinafter Amendola Industries). Amendola Industries operated a custom wood fence company on the premises from 1979 through 1999. The dipping tank and soil contamination were discovered by a subsequent tenant in March 2003 while excavating the site. CPLR 214-c provides a three-year statute of limitations for latent injuries to person or property caused by exposure to harmful substances, beginning on the date the injury is discovered, or should have been discovered by a reasonably diligent plaintiff, whichever is earlier (*see Jensen v General Elec. Co.,* 82 NY2d 77, 83 [1993]). CPLR 214-c applies to actions to recover damages caused by contamination by any substance (*see Curry v D'Onofrio,* 29 AD3d 727 [2006]; *Thoma v Town of Schodack,* 6 AD3d 957 [2004]; *DiStefano v Nabisco, Inc.,* 282 AD2d 704 [2001]; *Christy v Harvey,* 262 AD2d 755 [1999]). The plaintiff discovered the underground tank and contamination in March 2003 and commenced the action in November 2003. There is no evidence to suggest, contrary to Amendola Industries' speculation, that the plaintiff knew or should have known of the buried tank or contamination on its property prior to 2003 (*see Curry v D'Onofrio,* 29 AD3d 727 [2006]).

In action No. 1, the Supreme Court providently exercised its discretion in declining to sanction the plaintiff for spoliation of evidence, as it was not responsible for the discarding of the dipping tank and contaminated soil by the remediation company hired by its new tenant (*see McLaughlin v Brouillet,* 289 AD2d 461 [2001]). Moreover, Amendola Industries failed to sustain its burden of demonstrating that it would be severely prejudiced by reason of the missing evidence in the presentation of its defense (*see Kirschen v Marino,* 16 AD3d 555 [2005]).

Contrary to Amendola Industries' contention, the trial court's determination in action No. 1 that it was responsible for the contamination of the plaintiff's property was supported by a fair interpretation of the evidence (*see P.T.& L. Contr. Corp. v Trataros Constr., Inc.,* 29 AD3d 763, 764 [2006]; *Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe,* 5 AD3d 517, 518 [2004]).

Case law establishes that where a landlord has a right to recover an attorney's fee pursuant to a lease provision, recoverable fees are those that are reasonable (*see Solow Mgt. Corp. v*

*Tanger,* 19 AD3d 225, 227 [2005]). "In determining what is reasonable compensation for an attorney, the court may consider a number of factors including 'the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained' " (*Granada Condominium I v Morris,* 225 AD2d 520, 522 [1996], quoting *Matter of Potts,* 213 App Div 59, 62 [1925], *affd* 241 NY 593 [1925]; *see also M. Sobol, Inc. v Wykagyl Pharm.,* 282 AD2d 438, 439 [2001]). The determination of a reasonable attorney's fee is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee (*see Clifford v Pierce,* 214 AD2d 697, 698 [1995]). We perceive no basis upon which to disturb the Supreme Court's determination in action No. 1 with respect to a reasonable attorney's fee and recoverable disbursements (*see Clifford v Pierce,* 214 AD2d 697 [1995]). We modify only to the extent of awarding interest on the attorney's fee award from February 26, 2006, the midpoint date between December 14, 2005 (the date the court determined that the plaintiff had prevailed on its claim), and May 12, 2006 (the date that the court awarded the attorney's fees) (*see* CPLR 5001 [b]; *Solow Mgt. Corp. v Tanger,* 19 AD3d 225 [2005]).

The Supreme Court properly found that punitive damages were not appropriate in action No. 1 (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308 [1995]; *Kelly v Defoe Corp.,* 223 AD2d 529 [1996]; *Maitrejean v Levon Props. Corp.,* 87 AD2d 605, 605-606 [1982]).

In action No. 2, the Supreme Court properly granted that branch of the motion of Robert Amendola, the defendant in that action, which was to dismiss the complaint. Action No. 2 was barred by the doctrine of res judicata as the plaintiff's claims regarding the Navigation Law could have been raised in the prior action, action No. 1, which was disposed of on the merits against Amendola Industries, which was in privity with Robert Amendola (*see Matter of Hodes v Axelrod,* 70 NY2d 364, 372-373 [1987]; *Abraham v Hermitage Ins. Co.,* 47 AD3d 855 [2008]).

Amendola Industries' remaining contention is without merit. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.