Diggs v Oscar De La Renta, LLC (2019 NY Slip Op 01390)





Diggs v Oscar De La Renta, LLC


2019 NY Slip Op 01390


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01681
2016-05716
2016-09641
 (Index No. 16175/12)

[*1]Erica Diggs, respondent, 
v
Oscar De La Renta, LLC, et al., appellants.


Kreisberg & Maitland, LLP, New York, NY (Jeffrey L. Kreisberg and Gabriel Mendelberg of counsel), for appellants.
Borrelli & Associates PLLC, Great Neck, NY (Jeffrey R. Maguire, Alexander T. Coleman, and Michael J. Borrelli of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination pursuant to the New York State Human Rights Law and the New York City Human Rights Law, the defendants appeal from a judgment of the Supreme Court, Queens County (Diccia T. Pineda-Kirwin, J.), entered July 13, 2016, and the defendant Oscar De La Renta, LLC, appeals from (1) an order of the same court dated January 25, 2016, and (2) an order of the same court entered May 10, 2016. The judgment, upon a jury verdict awarding the plaintiff the principal sums of $2,940 for compensatory damages and $28,500 for punitive damages, upon the order dated January 25, 2016, denying the motion of the defendant Oscar De La Renta, LLC, pursuant to CPLR 4404(a) to set aside so much of the verdict as awarded punitive damages or to reduce, as excessive, the award for punitive damages, and upon the order entered May 10, 2016, granting the plaintiff's motion for attorney's fees to the extent of awarding attorney's fees in the sum of $115,603.73, is in favor of the plaintiff and against the defendants in the sums of $2,241 for costs and disbursements, $115,603.73 for attorney's fees, $2,940 plus stated interest for compensatory damages, and $28,500 for punitive damages.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff is an African-American woman who, though a staffing agency, worked for the defendant Oscar De La Renta, LLC (hereinafter Oscar De La Renta), as a temporary employee for eight days in April 2012. Thereafter, the plaintiff commenced this action alleging discrimination [*2]in employment on the basis of race in violation of the New York State Human Rights Law (see Executive Law § 296) and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107). The matter went to trial on the plaintiff's cause of action alleging a hostile work environment pursuant to the New York City Human Rights Law and her causes of action alleging retaliation pursuant to both the New York State Human Rights Law and the New York City Human Rights Law. After trial, the jury found in favor of the plaintiff and judgment was entered, inter alia, upon the verdict. The defendants appeal.
For a reviewing court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that that " there is simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (Killon v Parrotta, 28 NY3d 101, 108, quoting Campbell v City of Elmira, 84 NY2d 505, 509; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Gomez v Cabatic, 159 AD3d 62, 78). Moreover, a reviewing court "may not disregard a jury verdict as against the weight of the evidence unless the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d at 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Gomez v Cabatic, 159 AD3d at 78). Applying these standards, we determine that there was legally sufficient evidence to support the jury verdict, and, additionally, the verdict was not against the weight of the evidence. Moreover, we find that the punitive damages award was not excessive (see generally State Farm Mut. Automobile Ins. Co. v Campbell, 538 US 408, 425; BMW of North America, Inc. v Gore, 517 US 559; see also Solis-Vicuna v Notias, 71 AD3d 868, 871).
In any civil action commenced pursuant to the New York City Human Rights Law, "the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs" (Administrative Code § 8-502[g] [former (f)]). An award of attorney's fees, whether pursuant to agreement or statute, must be reasonable and not excessive (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839; Miller Realty Assoc. v Amendola, 51 AD3d 987, 989; RAD Ventures Corp. v Artukmac, 31 AD3d 412, 414). In determining what is reasonable compensation for an attorney, the court may consider a number of factors, including, inter alia, the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, the lawyer's experience, ability, and reputation, the customary fee charged for similar services, and the results obtained (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839; Diaz v Audi of Am., Inc., 57 AD3d 828, 830). The determination of reasonable attorney's fees is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee (see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 840; Miller Realty Assoc. v Amendola, 51 AD3d at 990). The plaintiff moved, inter alia, for an award of attorney's fees in the sum of $238,903.50. The Supreme Court considered the relevant factors and providently exercised its discretion in granting that branch of the plaintiff's motion to the extent of awarding the sum of $115,603.73.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court