Trump v Trump (2024 NY Slip Op 50022(U))

[*1]

Trump v Trump

2024 NY Slip Op 50022(U)

Decided on January 12, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 12, 2024
Supreme Court, New York County

Donald J. Trump, Plaintiff,

against
Mary L. Trump, THE NEW YORK TIMES COMPANY D/B/A THE NEW YORK TIMES, SUSANNE CRAIG, DAVID BARSTOW, RUSSELL BUETTNER, JOHN DOES, ABC CORPORATIONS 1 THROUGH 10, Defendant.

Index No. 453299/2021

Attorneys for Plaintiff:
Alina Habba of Habba Madaio & Associates LLP
Michael T. Madaio of Habba Madaio & Associates LLP
Attorneys for the Defendants:
Karen A. Chesley of the New York Times Company
David McCraw of the New York Times Company
Thomas S. Leatherbury of Thomas S. Leatherbury Law, PLLC
Christopher E. Duffy of Vinson & Elkins LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 87, 88, 89, 90, 93, 99, 101, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116 were read on this motion for ATTORNEY - FEES.
In this action for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment (NYSCEF doc. no. 1, paras. 92-118), defendants The New York Times Company, Susanne Craig, David Barstow and Russell Buettner (moving defendants) moved, pursuant to CPLR 3211 (a) (1) and (a) (7), for an order dismissing the complaint and all claims asserted against them, and for an order directing plaintiff to pay moving defendants attorneys' fees and costs associated with the defense of these claims (motion seq. no. 003).
By order dated May 3, 2023, this court granted the moving defendants' motion, dismissed plaintiff's claims as asserted against them, and directed plaintiff Donald Trump to pay the accumulated attorneys' fees, legal expenses, and costs of the moving defendants, pursuant to, and in accordance with, the provisions of NY Civil Rights Law §70-a (1) (a) (NYSCEF doc. no. 84).
In motion sequence 004, the moving defendants seek an order quantifying their accumulated fees, costs and expenses, and request entry of judgment accordingly (NYSCEF doc. nos. 87, 90).
A defendant in an action involving public petition and participation may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees from any person who commenced or continued such action provided that the defendant makes a demonstration that "the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law" (NY Civ Rights Law § 70-a [1] [a]).
By affirmations of David McCraw, Deputy General Counsel at the New York Times Company, and Christopher E. Duffy, counsel of record for defendant David Barstow, the moving defendants substantiate their attorneys' fees, legal expenses and costs in the amount of $392,638.69, consisting of $229,921.00 for defendants The New York Times Company, Susanne Craig and Russell Buettner, and $162,717.69 for defendant Barstow.
Plaintiff opposes the motion, arguing that the motion should be denied in its entirety, or the requested amount reduced by a significant margin, on the basis that the invoices submitted by the moving defendants' attorneys include unjustified or duplicative work and exorbitant hourly rates.
Indeed, "the award of attorneys' fees, whether pursuant to agreement or statute, must be reasonable and not excessive" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839 [2d Dept 2016]). "A reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered" (id. [alterations omitted]). "In general, factors to be considered include (1) the time and labor required, the difficulty of the questions involved, [*2]and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved" (id.; see JK Two LLC v Garber, 171 AD3d 496 [1st Dept 2019]). "The determination of a reasonable attorney's fee is left to the sound discretion of the trial court." (RMP Capital Corp., 139 AD3d at 839-40).
Considering the complexity of the issues presented in this action, the number of causes of action, the experience, ability and reputation of defendants' attorneys, the considerable amount in dispute, and the attorneys' success in dismissing the complaint against their defendants (see RMP Capital Corp., 139 AD3d at 839-40), the court finds that $392,638.69 is a reasonable value for the legal services rendered.
Accordingly, it is
ORDERED that the attorneys' fees, legal expenses and costs for defendants The New York Times, Susanne Craig, David Barstow and Russell Buettner are hereby quantified in the amount of $392,638.69 , and that the defendants shall have execution therefor; and it is further
ORDERED that the Clerk shall enter judgment accordingly.
DATE January 12, 2024
ROBERT R. REED, J.S.C.