Core Group Mktg. LLC v MIP One Wall St. Acquisition LLC (2024 NY Slip Op 51093(U))

[*1]

Core Group Mktg. LLC v MIP One Wall St. Acquisition LLC

2024 NY Slip Op 51093(U)

Decided on August 21, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 21, 2024
Supreme Court, New York County

Core Group Marketing LLC, Plaintiff,

against
MIP One Wall Street Acquisition LLC, Defendant.

Index No. 654409/2021

Attorneys for Plaintiffs:
Rosemary Halligan of STERN TANNENBAUM & BELL
Jessica Eyland of STERN TANNENBAUM & BELL
Attorneys for the Defendants:
Lori A. Nott of ROSENBERG & ESTIS, P.C.
Benjamin Zev Koblentz of ROSENBERG & ESTIS, P.C.
Joshua Moshieh Filsoof of ROSENBERG & ESTIS, P.C.

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80 were read on this motion for ATTORNEY - FEES.
The following e-filed documents, listed by NYSCEF document number (Motion 003) 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105 were read on this motion for ATTORNEY - FEES.
Motion sequence numbers 002 and 003 are consolidated for disposition herein.
This action arises from defendant MIP One Wall Street Acquisition LLC's (MIP) termination of plaintiff CORE Group Marketing LLC's (CORE) services as broker in marketing and selling units in defendant's property on Wall Street. On July 25, 2022, the court granted summary judgment for defendant, dismissing the complaint in its entirety and granting judgment on defendant's single counterclaim for reasonable attorneys' fees, plus costs and interest, directing the parties to submit the amount to the court thereafter by affidavits or to schedule a hearing.
In motion sequence number 002, defendant moves for an order awarding it a money judgment in the amount of $ 157,026.51 plus interest, consisting of defendant's attorneys' fees and costs for the period from March 15, 2021 through September 29, 2022. In motion sequence number 003, defendant moves for an order awarding it a money judgment in the amount of [*2]$111,543.11 for attorneys' fees and costs from the period from October 1, 2022 through March 23, 2023 plus interest. Plaintiff opposes both motions. For the following reasons, both motions are granted. I. BACKGROUND
Plaintiff commenced this action on July 16, 2021 seeking recovery of a $750,000 "Termination Fee" pursuant to the parties' Co-Exclusive Sales and Marketing Agreement (the Agreement) dated March 18, 2016. Defendant answered with a single counterclaim for attorneys' fees pursuant to the Agreement.
The Agreement provides that, "[i]n the event any action is commenced to interpret or enforce this Agreement or any provision thereof, the prevailing party in such action shall be entitled to reasonable attorneys' fees and costs, including any fees and costs incurred in enforcing any judgment" (NYSCEF doc. No. 5 [Agreement] § [16] [v]).
On July 25, 2022, the court issued an order granting summary judgment for defendant, dismissing the complaint in its entirety and ordering judgment for defendant for attorneys' fees, costs and disbursements, plus interest at the statutory rate (NYSCEF doc. No. 52 [summary judgment decision] at 35).
At the conclusion of oral argument on the summary judgment motion, the court ordered defendant to "exchange their calculations of attorneys' fees, costs and disbursements claimed to be due, with the plaintiff," and submit papers to the court thereafter; and permitted the parties to schedule a hearing date if they could not come to an agreement (summary judgment decision at 36, line 11 through 37, line 1).
On October 3, 2022, plaintiff perfected its appeal of the court's summary judgment decision by filing its Appellant's Brief and Note of Issue (see Core Group Marketing LLC v MIP One Wall Street Acquisition LLC, 654409/2021 [1st Dept 2021], NYSCEF doc. Nos. 005, 006).
On October 7, 2022, defendant brought motion sequence number 002, seeking attorneys' fees and costs from March 15, 2021 to September 29, 2022, representing those fees incurred in litigating the matter up to September 29, 2022, including preparing the motion itself.
On February 7, 2023, the Appellate Division, First Department issued a decision and order affirming the court's summary judgment order in its entirety.
On March 29, 2023, defendant brought motion sequence number 003 for further attorneys' fees from October 1, 2022 through March 23, 2023, representing those fees incurred in litigating plaintiff's appeal of the court's summary judgment order and in preparing the motion itself.
The total sum defendant seeks in the two motions is $ 268,569.62.
II. DISCUSSION
"[T]he award of attorneys' fees, whether pursuant to agreement or statute, must be reasonable and not excessive" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839 [2d Dept 2016]). "A reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered" (id. [alterations omitted]). "In general, factors to be considered include (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved" (id.; see JK Two LLC v Garber, 171 [*3]AD3d 496 [1st Dept 2019]). "The determination of a reasonable attorney's fee is left to the sound discretion of the trial court." (RMP Capital Corp., 139 AD3d at 839-40).
Motion sequence number 002
In support of motion sequence number 002, defendant submits, inter alia, an affirmation of defendant's counsel Lori Anker Nott, a set of detailed invoices issued by defendant's counsel, Rosenberg & Estis, P.C. (Rosenberg & Estis), for fees from March 15, 2021 to August 31, 2022, and a detailed invoice for fees for September 2022. In her affirmation in support of the motion, attorney Nott maintains that the hourly rates charged by the attorneys at Rosenberg & Estis are "reasonable and in line with hourly rates commonly charged in Manhattan" if not "considerably lower" (id. ¶ 86). She further argues that the amount of time defendant spent in litigating the case was due to plaintiff's "insistence in moving forward with discovery" (id. ¶ 90). Furthermore, Nott asserts that, despite her attempts to come to an agreement on the amount of legal fees with plaintiff, as the court ordered, plaintiff "refused to engage in any discussions to resolve [defendant's] claim for legal fees," insisting that defendant must "meet its burden of proof" and that "a Judge must determine" the fees (id. ¶ 16).
In opposition, plaintiff does not argue that the hourly rates charged by Rosenberg & Estis are unreasonable. Rather, plaintiff argues that the amount sought is unreasonable "on its face" considering that the matter is a "relatively straightforward commercial matter" in which there was "no discovery produced by Defendant" and "no court hearings other than oral argument on Defendant's summary judgment itself," and that it was only "pending for one year" (affirmation of plaintiff's counsel in support of mot seq No. 002 ¶ 4). It also argues that defendant unfairly charges for the costs of litigation despite the fact that it delayed in bringing its summary judgment motion.
The court finds that, given "(1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved" (RMP Capital Corp.), attorneys' fees of $157,026.51 for litigation from March 15, 2021 to September 29, 2022 is reasonable.
Plaintiff argues that defendant improperly seeks $30,000 for fees incurred in engaging the services of an ESI vendor, despite the fact that defendant never sent plaintiff the results of the ESI searched performed pursuant to such services. However, plaintiff does not dispute that defendant engaged in a search of its records to comply with plaintiff's demands (Halligan affidavit, ¶ 28). Plaintiff cannot now claim to be aggrieved by the costs defendant incurred in complying with its demands. That defendant did not actually send those documents to plaintiff is immaterial, as plaintiff does not dispute that defendant incurred the costs in attempting to gather the documents that plaintiff demanded.
Plaintiff also takes issue with the $36,000 in legal fees incurred due to discovery. However, defendant sufficiently shows that it incurred such fees in good faith. Counsel for defendant sufficiently sets forth that it "prepared and filed discovery demands, prepared and filed responses to CORE's discovery demands, reviewed CORE's responses to discovery demands, reviewed and executed the confidentiality stipulation, negotiated the PC Order, held numerous meet and confers with CORE's counsel regarding eDiscovery, prepared and exchanged [*4]multiple proposals for custodians and search terms for each of the parties, collected ESI from the ten custodians requested by CORE and worked with DISCO to cull and store such ESI in a cost-effective manner, reviewed and addressed CORE's spoliation of evidence, produced documents in June 2022, and uploaded CORE's first production of documents onto DISCO for retention" (affirmation of defendant's counsel in reply for mot seq No. 002 ¶ 34).
In addition, while plaintiff requests that the court "significantly reduce" the amount of legal fees charged by defendant, arguing that the costs would not have been incurred but for defendant's delay in bringing its summary judgment motion, it fails to explain why such costs were caused by any delay. In any event, plaintiff does not argue that the motion was untimely.
Finally, plaintiff argues that defendant's application for fees and costs incurred in bringing this motion goes beyond the scope of the Agreement and that it is therefore unfair for plaintiff to be burdened with the costs of it exercising its "fundamental right" to have the court determine the amount of damages (affirmation of plaintiff's counsel in support of mot seq No. 002 ¶ 50). This argument is unavailing, as this motion is part of the continuing litigation among the parties to bring this action to its final resolution. Therefore, fees incurred in bringing this motion are encompassed within the "reasonable attorneys' fees and costs" incurred in litigating an "action to interpret or enforce" the Agreement (see Agreement § [16] [v]).
Motion sequence number 003
In support of motion sequence number 003, defendant submits, inter alia, an affirmation of its counsel and invoices sent by Rosenberg & Estis to defendant regarding fees for litigating the appeal and the instant motion. In her affirmation, Nott asserts that the hourly rates charged by the firm's attorneys are "reasonable and in line with hourly rates commonly charged in Manhattan" (affirmation of defendant's counsel in support of mot seq No. 003 ¶ 46).
In opposition, plaintiff does not dispute that defendant is entitled to fees incurred in litigating the appeal, which, according to defendant, amounts to approximately $80,000. Rather, plaintiff argues that the court should "deduct a significant amount of the fees for Ms. Nott and Ms. Filsoof from the award," arguing that their work is excessive considering "the Appeal involved no novel issues of law" and consisted of no more than "a single brief and preparation for and appearance at oral argument" (affirmation of plaintiff's counsel in support of mot seq No. 003 ¶ 13, 14).
However, plaintiff provides no authority for arguing that, depending on the types of issues involved, the involvement of certain attorneys in the appellate process is inherently unreasonable. The court finds that $80,000 is a reasonable amount of fees for litigating an appeal.
Plaintiff also argues, as it does in motion sequence number 002, that defendant is not entitled to fees for bringing motion sequence number 003. Defendant argues that the language in the Agreement permitting the prevailing party to recover fees incurred in "enforcing any judgment" encompasses the fees incurred in bringing this motion (Agreement § [16] [v]). In response, plaintiff argues that the instant motion cannot be considered an attempt to "enforc[e]" any judgment (id.). However, the motion practice here is part of the litigation in this action to interpret or enforce the Agreement and is encompassed within the language of the section 16 (v) of the Agreement.
With respect to interest, New York courts have held that, under CPLR 5001, interest on attorneys' fees accrues from the date that the moving party is deemed the prevailing party (see [*5]Housing Corp. v Jimco Restoration Corp., 77 AD3d 502, 503 [1st Dept 2010] ["prejudgment interest on the attorneys' fee claim was properly awarded from the date of the underlying judgment on plaintiffs breach of contract claim"]; Solow Management Corp. v. Tanger, 19 AD3d 225, 226 [1st Dept 2005] ("[i]t has been observed, in applying CPLR 5001(a) to a request for prejudgment interest on an award of attorneys' fees . . . that the date on which the right to interest on the fees accrues is that on which the party seeking fees was determined to be the prevailing party."]). Accordingly, interest should be computed from July 25, 2022, the date of the order granting judgment.
The court has considered plaintiff's other arguments and found them unavailing.
Accordingly, it is
ORDERED that motion sequence number 002 is granted in its entirety, and defendant is granted money judgment against plaintiff in the sum of $157,026.51, together with interest at the statutory rate from July 25, 2022; and it is further
ORDERED that motion sequence number 003 is granted in its entirety, and defendant is granted money judgment against plaintiff in the sum of $111,543.11, together with interest at the statutory rate from July 25, 2022; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly.
DATE 08/21/2024
ROBERT R. REED, J.S.C.