Loughlin v Meghji (2025 NY Slip Op 04467)

Loughlin v Meghji

2025 NY Slip Op 04467

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-05122 
2022-05579
 (Index No. 606517/14)

[*1]James J. Loughlin, Jr., respondent,
v
Mohsin Y. Meghji, appellant.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP (Golenbock Eiseman Assor Bell & Peskoe LLP, New York, NY [Jeffrey T. Golenbock], of counsel), for appellant.
Forchelli Deegan Terrana LLP, Uniondale, NY (Nathan R. Jones of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered June 9, 2022, and (2) a second amended judgment of the same court entered June 29, 2022. The order, insofar as appealed from, after a hearing on the issue of an award of attorneys' fees, directed the plaintiff to submit a second amended judgment for an award of attorneys' fees to him in the amount of $2,618,068. The second amended judgment, insofar as appealed from, after the hearing on the issue of an award of attorneys' fees, and upon the order, awarded the plaintiff attorneys' fees in the principal sum of $2,618,068, plus prejudgment interest thereon payable at a rate of 9% per annum from December 25, 2019, until the date of entry of judgment in the amount of $591,970.51.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the second amended judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff attorneys' fees in the principal sum of $2,618,068, plus prejudgment interest thereon payable at a rate of 9% per annum from December 25, 2019, until the date of entry of judgment in the amount of $591,970.51, and substituting therefor a provision awarding the plaintiff attorneys' fees in the principal sum of $500,000, plus prejudgment interest thereon payable at a rate of 9% per annum from December 25, 2019, until the date of entry of judgment; as so modified, the second amended judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a calculation of interest and thereafter the entry of an appropriate third amended judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the second amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review [*2]and have been considered on the appeal from the second amended judgment (see CPLR 5501[a][1]).
The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Loughlin v Meghji, 186 AD3d 1633, 1634-1637). In May 2022, the Supreme Court, upon remittal and pursuant to this Court's decision and order, conducted a hearing on the issue of an award of attorneys' fees. In an order entered June 9, 2022, the court determined that the plaintiff established that he incurred reasonable attorneys' fees in the amount of $1,309,034 and that the parties' purchase and sale agreement (hereinafter PSA) entitled him to twice that amount, i.e., $2,618,068. Therefore, the court directed the plaintiff to submit a second amended judgment on notice for, inter alia, an award of attorneys' fees to him in the amount of $2,618,068. Subsequently, in a second amended judgment, the court, among other things, awarded the plaintiff $2,618,068 in attorneys' fees, plus prejudgment interest payable at a rate of 9% per annum from December 25, 2019, until the date of entry of judgment in the amount of $591,970.51. The defendant appeals.
"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (LG Funding, LLC v Johnson & Son Locksmith, Inc., 170 AD3d 1153, 1154 [internal quotation marks omitted]). In circumstances where the prevailing party may recover such fees, "the award of attorneys' fees . . . must be reasonable and not excessive" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). "A reasonable attorney's fee is commonly understood to be a fee 'which represent[s] the reasonable value of the services rendered'" (id., quoting NYCTL 1998-1 Trust v Oneg Shabbos, Inc., 37 AD3d 789, 790). "The attorney bears the burden of establishing the reasonable value of the services rendered, based upon a showing of the hours reasonably expended and the prevailing hourly rate for similar legal work in the community" (Neeman v Smith, 227 AD3d 818, 821 [internal quotation marks omitted]). However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry" (Matter of Rahmey v Blum, 95 AD2d 294, 303). The amount resulting from that calculation "may be augmented or reduced by the courts . . . to take into account [certain] subjective factors" (id.). Therefore, in determining a reasonable attorneys' fee, "[t]he court should consider factors such as (1) the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented; (2) the lawyer's experience, ability, and reputation; (3) the amount involved and benefit resulting to the client from the services; (4) the customary fee charged for similar services; (5) the contingency or certainty of compensation; (6) the results obtained; and (7) the responsibility involved" (Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036 [internal quotation marks omitted]; see Matter of Freeman, 34 NY2d 1, 9). "The determination of a reasonable attorney's fee is left to the sound discretion of the trial court" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839-840).
Here, as an initial matter, the defendant's contention that the plaintiff is not entitled to any award of attorneys' fees whatsoever was decided and rejected in this Court's decision and order on the prior appeal (see Loughlin v Meghji, 186 AD3d at 1640-1641). Therefore, the defendant's argument is barred by the law of the case doctrine (see Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1082; Matter of Fulmer v Buxenbaum, 109 AD3d 822, 823).
Nonetheless, contrary to the plaintiff's contention, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in determining that the plaintiff established a reasonable attorneys' fee in the sum of $1,309,034, thereby warranting an award of attorneys' fees in the amount of $2,618,068 pursuant to the doubling provision of the PSA. Considering all of the relevant factors (see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d at 1036), we conclude that the plaintiff is entitled to a reasonable attorneys' fee in the sum of $250,000 (see Matter of Sucheron, 95 AD3d 892, 893-895; Matter of Drossos, 26 AD3d 602, 603). Therefore, we reduce the court's award of attorneys' fees from $2,618,068 to $500,000, reflecting a reasonable attorneys' fee award of $250,000 multiplied by two pursuant to the PSA (see Loughlin v Meghji, 186 AD3d at 1638-1639).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court