American Tr. Ins. Co. v Barakat PT PC (2026 NY Slip Op 01750)

American Tr. Ins. Co. v Barakat PT PC

2026 NY Slip Op 01750

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-03963
 (Index No. 521651/22)

[*1]American Transit Insurance Company, respondent,
vBarakat PT PC, etc., appellant.

Roman Kravchenko, Melville, NY, for appellant.
Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 10, 2024. The order, insofar as appealed from, without a hearing, granted that branch of the defendant's motion which was for an award of reasonable attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) to the extent of awarding the defendant attorneys' fees in the sum of only $1,300.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the amount of reasonable attorneys' fees pursuant to 11 NYCRR § 65-4.10(j)(4) to be awarded to the defendant in accordance herewith.
After a master arbitrator upheld an arbitration award in favor of the defendant on its claims for no-fault insurance benefits (hereinafter the master arbitration award), the plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo determination of the defendant's claims. The defendant answered the complaint and served combined demands for discovery, including a notice of inspection. The defendant moved pursuant to CPLR 3124 to compel compliance with its discovery demands. The motion was denied but, upon renewal and reargument, the Supreme Court issued a conditional order directing the plaintiff to provide certain discovery documents within 30 days of the filing of the conditional order on the New York State Courts Electronic Filing System and stating that failure to comply with the conditional order will result in the plaintiff being sanctioned pursuant to CPLR 3126. Upon the plaintiff's failure to timely comply with the conditional order, the defendant moved, inter alia, pursuant to CPLR 3126(3) to strike the complaint. The court granted that branch of the motion. Thereafter, the defendant moved, among other things, for an award of reasonable attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) in the sum of $13,940. In support of that branch of the motion, the defendant submitted an affirmation of services by its attorney. The plaintiff opposed the motion, arguing, inter alia, that an award of attorneys' fees was limited by 11 NYCRR 65-4.6(d), and that the amount of attorneys' fees requested was excessive as to the hourly rate and the time purportedly spent defending this action. In an order dated April 10, 2024 (hereinafter the April 2024 order), the court, among other things, without a hearing, granted that branch of the defendant's motion which was for an award of reasonable [*2]attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) to the extent of awarding the defendant attorneys' fees in the sum of $1,300. The defendant appeals.
Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations." As applicable here, the superintendent's regulations provide that "[t]he attorney's fee for services rendered in connection with a court adjudication of a dispute de novo, as provided in section 5106(c) of the Insurance Law, . . . shall be fixed by the court adjudicating the matter" (11 NYCRR 65-4.10[j][4]; see American Tr. Ins. Co. v Comfort Choice Chiropractic, P.C., 239 AD3d 1, 15).
"[A] reasonable attorney's fee is commonly understood to be a fee which represents the reasonable value of the services rendered" (Diaz v Audi of Am., Inc., 57 AD3d 828, 830; see RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839). In determining the reasonable value of the services rendered, "the court may consider a number of factors, including, inter alia, the time and labor required, the difficulty of the questions involved, and the skill required to handle the problems presented, the lawyer's experience, ability, and reputation, the customary fee charged for similar services, and the results obtained" (Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1005; see Matter of Freeman, 34 NY2d 1, 9; RMP Capital Corp. v Victory Jet, LLC, 139 AD3d at 839). "While a hearing is not required in all circumstances, the court must possess sufficient information upon which to make an informed assessment of the reasonable value of the legal services rendered" (Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 935 [internal quotation marks omitted]; see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 520). Here, the parties submitted conflicting evidence as to the customary fee charged for similar services and the reasonable amount of time required to defend this action. In the April 2024 order, the Supreme Court provided no explanation for its determination of the award of reasonable attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), and the basis for that determination is not evident from the record. Under the circumstances, the matter must be remitted to the Supreme Court, Kings County, for a new determination of the amount of reasonable attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) to be awarded to the defendant, stating the evidentiary basis for the award (see Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 706).
The defendant's remaining contention need not be reached in light of our determination.
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court